IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BERNARD GREER,**

        **Plaintiff,**

**v.**                    //    CIVIL ACTION NO. 1:14CV79
                                   (Judge Keeley)

**PATRICK MCCARTY,**
**individually and in his official**
**capacity as agent and employee of**
**Harrison County Commission, and**
**HARRISON COUNTY COMMISSION, a political**
**subdivision of the State of West Virginia.**

        **Defendants**

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
## [DKT. NO. 17]

On September 15, 2014, plaintiff Bernard Greer ("Greer"), filed a motion requesting voluntary dismissal of his case pursuant to Rule 41 of the Federal Rules of Civil Procedure [dkt. no. 14]. Greer noted in his motion that the defendant, Patrick McCarty ("McCarty"), opposed the motion, but McCarty never filed a response. On October 16, 2014, over one month after Greer filed his motion, the Court granted the motion and dismissed the case [dkt. no. 16].

On October 17, 2014, McCarty filed a motion for reconsideration of the Court's order granting Greer's motion and dismissing the case [dkt. no. 17]. McCarty invokes Fed. R. Civ. Pro. 60(b)(1), which provides that the Court, "on...just terms," may "relieve a party...from a final judgment...for mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). As grounds for his motion, McCarty states that counsel prepared a response, but failed to file it with the Court [dkt. no. 17 at 2].

Under Rule 60(b), the Court has discretion to vacate a judgment "whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 101 (4th Cir. 1979) (quoting Klapprott v. United States, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390 (1949)). A remedy under Rule 60 (b) is extraordinary, and the movant must first assume the burden of "showing a meritorious defense against the claim on which judgment was entered as a threshold condition...." Compton, 608 F.2d at 102.

The Court must then balance four factors to determine whether "excusable neglect" exists: "(1) the danger of prejudice to the [non-movant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). Excusable neglect only exists "in the *extraordinary cases* where injustice

2

would otherwise result." Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996) (emphasis in original). The most important factor for the Court to consider "is the reason for the delay." Rothenberg v. Marriott Int'l, Inc., 2008 WL 687033 at *1 (D.Md. Feb. 29, 2008) (citing Thompson, 76 F.3d at 534).

Here, McCarty fails to adequately show that he has a meritorious defense against the claim on which judgment was entered. Compton, 608 F.2d at 102. The Court granted Greer's motion for voluntary dismissal pursuant to Rule 41(a), and McCarty simply wants dismissal with prejudice rather than without prejudice [dkt. no. 17-1 at 4]. As the ground for his argument for dismissal with prejudice, McCarty alleges that Greer only moved for voluntary dismissal to avoid an adverse ruling on McCarty's pending motion to dismiss. Id. at 3-4. Even if this were true, the Court has great discretion to grant dismissal with or without prejudice. Samsung Electronics Co., Ltd. v. Rambus, Inc., 440 F.Supp.2d 495, 509-10 (4th Cir. July 18, 2006).

Even if McCarty did adequately show that he has a meritorious defense, the Court finds that the reason for his delay mitigates against granting his motion for reconsideration. McCarty failed to file his response to Greer's motion for voluntary dismissal because, although counsel drafted the response, he failed to enter

3

**GREER V. MCCARTY**  1:14CV79

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
[DKT. NO. 17]**

it [dkt. no. 17 at 2]. McCarty did not realize that the response was never entered until the Court entered its order on October 16, 2014 [dkt. no. 15]. The reason for the delay, therefore, is counsel's simple inadvertence in failing to enter the response, something that was completely within his control. The Court will only grant a motion for reconsideration based on excusable neglect in the "extraordinary" circumstance where injustice would otherwise result. Thompson, 76 F.3d at 534. The circumstances here simply to not rise to that level, given that the only potential for injustice is dismissal without prejudice, rather than with prejudice. Therefore, after due consideration, the Court **DENIES** McCarty's motion for reconsideration [dkt. no. 17]

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.


DATED: November 3, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE